IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

TUNGA-LERGO V. REBARCAK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

HANNATU TUNGA-LERGO, APPELLANT,

V.

DAVID K. REBARCAK AND GEICO GENERAL INSURANCE COMPANY, APPELLEES.

Filed April 3, 2018.    No. A-17-351.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Hannatu Tunga-Lergo, pro se.

Michael T. Gibbons, of Woodke & Gibbons, P.C., L.L.O., for appellee David K. Rebarcak.

David J. Stubstad and Patrick S. Cooper, of Fraser Stryker, P.C., L.L.O., for appellee Geico General Insurance Company.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Hannatu Tunga-Lergo appeals from an order of the district court for Douglas County which dismissed her negligence action against David K. Rebarcak and Geico General Insurance Company (Geico) as a sanction for noncompliance with discovery orders. Specifically, Tunga-Lergo refused to authorize the release of her medical records. Based on the reasons that follow, we affirm.

### BACKGROUND

On September 24, 2015, Tunga-Lergo filed a complaint against Rebarcak and Geico (hereinafter collectively appellees) alleging that Rebarcak's negligence was the cause of a

vehicular accident on October 1, 2011, and that Tunga-Lergo was injured as a result. In her complaint, she alleged that she incurred physical and mental suffering, permanent injury and disability, medical expenses, and impairment of earning capacity. She named Geico as a defendant because she had an insurance policy with Geico that provided her with underinsured motorist coverage benefits. On June 14, 2016, Tunga-Lergo filed an amended complaint.

In March 2016, appellees served discovery requests on Tunga-Lergo. On June 7, Tunga-Lergo filed a motion for protective order, seeking to restrict the use of her medical records which appellees had sought in their discovery requests. A hearing on the motion was set for July 18. The bill of exceptions does not contain a hearing from July 18, but the record before us indicates that the court had declined to enter a protective order. Specifically, in a January 20, 2017, order, the court stated that on July 18, 2016, it had refused to consider a motion from Tunga-Lergo for a protective order regarding her medical records.

In August 2016, both appellees filed a motion to compel, stating that Tunga-Lergo had failed to provide responses to interrogatories and requests for production of documents, and asking the court to order her to provide responses to their discovery requests.

On September 20, 2016, following a hearing, the court granted Rebarcak's and Geico's motions to compel. The court gave Tunga-Lergo 14 days to provide appellees with responses to the discovery requests. Thereafter, Tunga-Lergo responded to the discovery requests, but refused to sign a medical authorization allowing appellees to obtain Tunga-Lergo's medical records, both prior to and subsequent to the accident, based on her claim for injuries and damages.

At a January 11, 2017, hearing, Rebarcak made an oral motion for sanctions based on Tunga-Lergo's failure to provide appellees with a signed medical authorization, despite the court's September 20, 2016, order sustaining appellees' motion to compel. Geico joined in the motion for sanctions.

On January 20, 2017, the court entered an order sustaining appellees' motion for sanctions. The court stated that Tunga-Lergo did not sign the medical authorization form requested by the appellees, which would have allowed them to obtain all of Tunga-Lergo's medical records. It noted that instead, Tunga-Lergo inserted language in the medical authorization limiting production of records to those pertaining to an eye injury from the date of the accident forward. The court found that appellees had a legitimate and discoverable interest in all of Tunga-Lergo's medical records, including records that predated the accident. It stated, therefore, that Tunga-Lergo cannot unilaterally decide which records to produce, nor insert any time or date limitations on the production of records. The court ordered Tunga-Lergo to sign the medical authorization presented to her in its original form within 21 days of the order. The court ordered that "[Tunga-Lergo's] failure to comply with this Order shall result in the sanction of dismissal of this lawsuit upon motion of either of the [appellees]."

Tunga-Lergo failed to provide a signed medical authorization within 21 days of the court's January 20, 2017, order. On February 14 and 15, appellees each filed a motion for sanction of dismissal requesting the court to enforce its January 20 order and sanction Tunga-Lergo with dismissal of her lawsuit, with prejudice, for failing to comply with the court's order to produce a signed medical authorization.

On March 1, 2017, a hearing was held on the appellees' motions for sanction of dismissal. The court also addressed the motions to withdraw by Tunga-Lergo's counsel. At the hearing,

appellees informed the court that Tunga-Lergo had not complied with the January 20 order, as she had not produced the signed medical authorizations. The court found that Tunga-Lergo's obstruction of discovery in the case merited the sanction of dismissal. The court entered an order dismissing Tunga-Lergo's case with prejudice. The court also entered an order granting counsel leave to withdraw.

## ASSIGNMENTS OF ERROR

Restated, Tunga-Lergo assigns that the trial court erred in (1) failing to grant her a protective order and dismissing the case when her motion for protective order was still pending, (2) dismissing the case as a sanction for not signing the medical authorization form, (3) attempting to force her to cause harm to herself by requiring her to release her medical records as set forth in Neb. Rev. Stat. § 71-8401 (Reissue 2009), and (4) dismissing the case when she was not present or represented by counsel at the hearing on the motions for sanction of dismissal.

## STANDARD OF REVIEW

Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion. *Pope-Gonzalez v. Husker Concrete*, 21 Neb. App. 575, 842 N.W.2d 135 (2013). A judicial abuse of discretion exists when a judge, acting within effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result. *Id.*

## ANALYSIS

*Protective Order.*

Tunga-Lergo first assigns that the trial court erred in failing to grant her a protective order and dismissing the case when her motion for protective order was still pending. We first address her contention that her motion for a protective order was still pending. Tunga-Lergo's counsel filed a motion for protective order on June 7, 2016. The motion referred to discovery requests received from appellees seeking her personal medical records. The motion sought to restrict use of any records obtained through discovery for purposes of the lawsuit only, to forbid disclosure to "anyone other than the parties' respective attorneys of record, consultants and experts," and to require anyone disclosing the records to obtain written agreements binding persons to the order's terms and allowing any "records or other information about [Tunga-Lergo] obtained through discovery" to be submitted to the court only by filing them under seal, with a confidentiality note that they are not to be disclosed to anyone other than court personnel.

A hearing on the motion for a protective order was set for July 18, 2016. The hearing was apparently not recorded. However, at the hearing in January 2017 when appellees made an oral motion for sanctions, the parties discussed Tunga-Lergo's motion for protective order. Tunga-Lergo's counsel stated that he had told his client that the court had declined to enter a protective order. Further, the court's January 20, 2017, order which sustained appellees' motion for sanctions, states: "On July 18, 2016, the Court had refused to consider a Motion from [Tunga-Lergo] for a protective order regarding [her] medical records." Therefore, the record is

clear that the court denied Tunga-Lergo's motion for a protective order. Her argument that the motion was still pending when the court dismissed the case is without merit.

We next address Tunga-Lergo's argument that the trial court erred in failing to grant her motion for a protective order. Her motion sought to designate all of her medical records, information, and any other information about her as confidential, and prohibit appellees from sharing the records or other information with anyone other than the attorneys, consultants and experts.

Neb. Ct. R. Disc. § 6-326(c) provides that a trial court may, "for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The law gives trial courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *Gonzalez v. Union Pac. RR. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011). The U.S. Supreme Court has interpreted the language of § 6-326(c) as conferring "'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Gonzalez v. Union Pac. RR. Co.*, 282 Neb. at 74, 803 N.W.2d at 448, quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). The court explained that the "'trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.'" *Id.*

Pursuant to § 6-326(c), Tunga-Lergo was required to show "good cause" existed to enter a protective order to protect her from annoyance, embarrassment, oppression, or undue burden or expense. She states in her brief that "good cause" exists because if her confidential and privileged medical records are "disseminated and abused [she] would continue the trauma experienced from the motor vehicle accident and [would] negatively impact [her] future." Brief for appellant at 25. She further states that in failing to ender a protective order, "[she] has experienced annoyance, embarrassment, oppression, and undue burden of expense." *Id.* at 27.

Tunga-Lergo has failed to show how or why appellees' use of her medical records would cause her to continue the trauma experienced from the motor vehicle accident and negatively impact her future or why it would or has caused her "annoyance, embarrassment, oppression, and undue burden of expense." In her amended complaint, Tunga-Lergo alleged the Rebarcak's negligence caused her physical and mental suffering, permanent injury and disability, medical expenses, and impairment of earning capacity. She put her medical history at issue by bringing the negligence action against Rebarcak and Geico and she has failed to show any reason why the release of her medical records should be protected. We conclude that Tunga-Lergo failed to show "good cause" existed to justify a protective order in regard to her medical records, and the trial court did not err in denying her such an order. Tunga-Lergo's first assignment of error is without merit.

*Dismissal of Case as Sanction.*

Tunga-Lergo next assigns that the court erred in dismissing the case as a sanction for not signing the medical authorization form. The district court has discretion to sanction parties to a lawsuit. Neb. Ct. R. Disc. § 6-337(b)(2) states that if a party fails to obey a court order to provide

or permit discovery, the court may impose further "orders in regard to the failure as are just," including "dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party." Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion. *Pope-Gonzalez v. Husker Concrete, supra.*

Tunga-Lergo brought an action against Rebarcak and Geico alleging that Rebarcak's negligence caused a motor vehicle accident and that as a result, Tunga-Lergo incurred physical and mental suffering, permanent injury and disability, medical expenses, and impairment of earning capacity. Tunga-Lergo's allegations made her medical history directly relevant to the substantive issues of the lawsuit. In order to defend her claims, the appellees needed to discover if she was in fact injured, the extent of her injuries, and whether she had preexisting injuries. As the trial court found, appellees had a legitimate and discoverable interest in all of Tunga-Lergo's medical records, including records that predated the accident. In order to obtain such information, appellees asked Tunga-Lergo to sign a medical authorization form which would have allowed appellees to obtain her medical records.

Appellees' made their initial discovery requests in March 2016. Tunga-Lergo's motion for protective order was denied in July, and in August, appellees filed motions to compel based on Tunga-Lergo failure to respond to discovery requests, including the medical authorization. The court granted the motions to compel and gave Tunga-Lergo 14 days to respond to discovery requests. She failed to sign the medical authorization in its original form, instead inserting her own language in an effort to limit the production of her medical records. In January 2017, appellees made an oral motion for sanctions. The court ordered Tunga-Lergo to sign the medical authorization in its original form within 21 days and told her that failure to do so would result in dismissal of her lawsuit upon motion by either Rebarcak or Geico. Tunga-Lergo failed to sign the medical authorization within 21 days and the appellees filed motions for sanction of dismissal, which the court granted.

The record shows that Tunga-Lergo was given several chances to sign the medical authorization form and failed to do so. She was represented by counsel throughout the proceedings and counsel advised her that she needed to sign the medical authorization form. The court put her on notice that dismissal was a possible sanction for failure to comply with its order to provide discovery. We conclude that the trial court did not abuse its discretion in dismissing Tunga-Lergo's case as a sanction for her refusal to comply with the court's order to sign the medical authorization form.

*Release of Medical Records Harming Tunga-Lergo.*

Relying on § 71-8401, Tunga-Lergo next assigns that the court erred in attempting to force her to cause harm to herself by requiring her to release her medical records. Tunga-Lergo relies on the first sentence in § 71-8401 which provides: "The Legislature finds that medical records contain personal and sensitive information that if improperly used or released may do significant harm to a patient's interests." She fails to mention that this statute is the opening statute in "Article 84. Medical Records," which pertains to a patient's rights to obtain her own medical records from her providers. The second sentence of § 71-8401 makes that apparent: "Patients need access to their

own medical records as a matter of fairness to enable them to make informed decisions about their health care and correct inaccurate or incomplete information about themselves." We conclude that § 71-8401 is inapplicable to the present case, and we need not discuss Tunga-Lergo's assignment of error further.

*Not Present or Represented by Counsel.*

Finally, Tunga-Lergo assigns that the trial court erred in dismissing the case when she was not present or represented by counsel at the hearing on the motion for sanction of dismissal. At the hearing, Tunga-Lergo was not present, but her counsel was present. However, prior to the hearing, both of Tunga-Lergo's counsel of record had filed motions to withdraw. The court had not ruled on the motions to withdraw at the time of the hearing. At the hearing, the motion for sanctions was discussed, as well as the motions to withdraw. During discussion between counsel and the court, the court essentially told Tunga-Lergo's counsel that there was nothing else they could do for her. The court stated that Tunga-Lergo's counsel had made it clear to Tunga-Lergo what she needed to do to comply with the court's order and she had refused to cooperate. The court told counsel: "You've made a very complete record on this, so I think she understands exactly what she's supposed to do, and she doesn't want to do it." It was not until the end of the hearing that the court asked Tunga-Lergo's counsel if they wished to withdraw and they indicated that they did. At that time, the court asked them to prepare an order and submit it to the court. Based on the record from the hearing, Tunga-Lergo's counsel continued to represent her at the time of the hearing. Her assignment of error that the court erred in dismissing the case when she was not present or represented by counsel at the hearing on the motion for sanction of dismissal is without merit.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in dismissing Tunga-Lergo's case with prejudice as a sanction for failing to comply with discovery orders. Accordingly, the trial court's order is affirmed.

AFFIRMED.